# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| JOANNE SKIPTON | : | CIVIL ACTION |
| 7 Elmhurst Ave | : | |
| Cherry Hill, NJ 08034 | : | NO._____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| NATIONAL FUTURE MORTGAE, INC., | : | |
| DBA NATIONAL FUTURE MORTGAGE, | : | |
| INC., DBA NFM CONNECT | : | |
| 2 Eastwick Drive | : | |
| Gibbsboro, NJ 08026 | : | |
| | : | |
| and | : | |
| FORTE MORTGAGE, INC. | : | |
| 2 Eastwick Drive | : | |
| Gibbsboro, NJ 08026 | : | |
| | : | |
| and | : | |
| RICHARD FORTE | : | |
| Care of: National Future Mortgae | : | |
| 2 Eastwick Drive | : | |
| Gibbsboro, NJ 08026 | : | |
| and | : | |
| JEFF ONOFRIO | : | |
| Care of: National Future Mortgae | : | |
| 2 Eastwick Drive | : | |
| Gibbsboro, NJ 08026 | : | |
| and | : | |
| MARK REIS | : | |
| Care of: National Future Mortgae | : | |
| 2 Eastwick Drive | : | |
| Gibbsboro, NJ 08026 | : | |
| | : | |
| and | : | |
| JOHN DOES 1-10 | : | |
| | : | |
| and | : | |
| XYZ CORPORATIONS 1-10 | : | |
| | : | |
| Defendants. | : | |

_____

## CIVIL ACTION COMPLAINT

Plaintiff, Joanne Skipton, by and through her undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Joanne Skipton (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA") and New Jersey State Wage & Hour Laws. Plaintiff asserts that Defendant National Future Mortgae, Inc., which does business as National Future Mortgage, Inc., and Defendant Forte Mortgage, Inc., Defendants Forte, Onofrio and Reis, John Does 1-10, XYZ Corporations 1-10 (hereinafter collectively referred to as "Defendants") intentionally failed to pay Plaintiff wages earned during her employment with Defendants.

### II. JURISDICTION AND VENUE

2. The instant action is initiated pursuant to violations of the FLSA, 29 U.S.C. §201 *et seq*. This Court may properly maintain personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of such jurisdiction to comply with traditional notions of fair play and substantial justice.

3. This Court may properly exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §1331 because the instant action arises under the laws of the United States and seeks redress for violations of a federal law.

4. This Court may also maintain supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure, because they are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy.

5. Pursuant to 28 U.S.C. §1391, venue is properly laid in this judicial district because Defendants conduct substantial, systematic, and continuous activity in this judicial district, and because a substantial part and/or all of the actions alleged herein took place in this judicial district.

### III. PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

7. Plaintiff is an adult individual with an address as set forth in the caption.

8. Defendant National Future Mortgae, Inc., upon information and belief, is a New Jersey corporation, and National Future Mortgae, Inc. conducts business within the state of New Jersey. National Future Mortgae, Inc. does business as National Future Mortgage, Inc. and NFM Connect.

9. Defendant Forte Mortgage, Inc., upon information and belief, is a New Jersey corporation that conducts business within the state of New Jersey and is an alter-ego of Defendant National Future Mortgae, Inc., which does business as National Future Mortgage, Inc. and NFM Connect.

10. Defendant Richard Forte, upon information and belief, is the president and/or owner operator of Defendant National Future Mortgae, Inc., which does business as National Future Mortgage, Inc. and NFM Connect, and Defendant Forte Mortgage, Inc.

11. Defendants Jeff Onofrio and Mark Reis, upon information and belief, are the individuals responsible for overseeing and approving payroll for Defendant National Future Mortgae, Inc., which does business as National Future Mortgage, Inc. and NFM Connect.

12. Defendants John Does 1-10, whose identities and addresses are presently unknown to Plaintiff, are individuals who are responsible for overseeing and approving payroll

for Defendant National Future Mortgae, Inc., which does business as National Future Mortgage Inc. and NFM Connect.

13.     Defendants XYZ Corporations 1-10, whose identities and addresses are presently unknown to Plaintiff, are alter egos of Defendant National Future Mortgae, Inc., which does business as National Future Mortgage, Inc. and NFM Connect.

14.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV. FACTUAL BACKGROUD

15.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

16.     Plaintiff was employed by Defendants from in or about August 2008 through in or about July 2009.

17.     Plaintiff worked for Defendants as a loan originator, and in a clerical capacity.

18.     As a loan originator, Plaintiff was to be compensated at thirty-five percent (35%) of all loans she closed.

19.     In her clerical capacity, Plaintiff answered phones, made photocopies, sent faxes, performed notary services and received packages for the Defendants and their staff.

20.     Plaintiff worked for Defendants, on average, 35 hours per week.

21.     Plaintiff closed numerous loans for Defendants.

22.     Defendants failed to pay Plaintiff any commissions that were due to her for her commissions work, and failed to pay her minimum wage for her clerical work, resulting in Plaintiff suffering damages in the form of financial harm; these failures were intentional on Defendants' part.

23. Defendants never issued Plaintiff any payment for the services she performed and the hours she worked during her employment.

24. Throughout her employment and since, Plaintiff has attempted to collect from Defendants the wages due to her.

25. Plaintiff remains unpaid for the commissions she earned while working for Defendants.

26. Plaintiff remains unpaid for the hours she worked closing loans for Defendants.

27. Plaintiff remains unpaid for the hours she worked in a clerical capacity for Defendants.

28. Defendants Onofrio, Reis, and Forte made the decision(s) not to pay Plaintiff the wages due her.

29. Defendants Onofrio, Reis, and Forte are the individuals who are responsible for the Plaintiff not being paid.

## COUNT I
### Violations of the Fair Labor Standards Act (29 U.S.C. § 206)
**(Failure to Pay Minimum Wage)**

30. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

31. At all times relevant herein, Defendants have and continue to be an "employer" within the meaning of the FLSA.

32. At all times relevant herein, Plaintiff was employed by Defendants as an "employee" within the meaning of the FLSA.

33. The FLSA requires covered employers, such as Defendants, to minimally compensate employees, such as Plaintiff, at the federal minimum wage rate for each hour worked.

34. Defendants failed to pay Plaintiff the federal minimum wage for the hours she worked.

35. As a result of Defendants' failure to compensate Plaintiff pursuant to federal minimum wage, Defendants have violated and continue to violate the FLSA.

## COUNT II
### Violations of the New Jersey Wage & Hour Law
**(Failure to Pay Minimum Wages)**

36. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

37. At all times relevant herein, Defendants have and continue to be an "employer" within the meaning of the New Jersey Wage & Hour Law.

38. At all times relevant herein, Plaintiff was employed by Defendants as an "employee" within the meaning of the New Jersey Wage & Hour Law.

39. The New Jersey Wage & Hour Law requires covered employers, such as Defendants, to minimally compensate employees, such as Plaintiff, at the state minimum wage rate for each hour worked.

40. Defendants failed to pay Plaintiff the state minimum wage for the hours she worked.

41. The aforesaid actions constitute violations of the New Jersey Wage & Hour Law.

## COUNT III
### Violations of the New Jersey Wage Payment Law
**(Unpaid Wages)**

42. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

43. Defendants failed to pay Plaintiff the contractually agreed upon commissions she earned for the loans she closed.

44. Defendants failed to pay Plaintiff any compensation for the hours she worked

closing loans.

45. Defendants failed to pay Plaintiff any compensation for the hours she worked performing clerical duties.

46. The aforesaid actions constitute violations of the New Jersey Wage Payment Law.

47. As the individuals who made the decision not to pay Plaintiff, Defendants Onofrio, Reis, and Forte are individually liable for the aforesaid violations.

## COUNT IV
## Breach of Contract
### (Alternatively Plead)

48. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

49. Defendants contractually agreed to pay Plaintiff a commission of thirty-five percent (35%) of all loans she closed.

50. Plaintiff closed numerous loans for Defendants.

51. Defendants failed to pay Plaintiff the commissions she earned.

52. The aforesaid actions constitute a common law breach of contract.

## COUNT V
## Unjust Enrichment
### (Alternatively Plead)

53. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

54. Plaintiff performed services for Defendants from which Defendants benefited; Plaintiff closed numerous loans for Defendants and performed clerical services for Defendants.

55. Defendants failed to pay Plaintiff the commissions she earned from the loans she closed.

56. Defendants failed to pay Plaintiff minimum wage for the hours she worked.

57. Defendants were unjustly enriched by not paying Plaintiff any compensation for

the work she did for Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an Order providing that:

A. Defendants are to compensate Plaintiff, and/or otherwise make Plaintiff whole for any and all compensation Plaintiff would have received had it not been for Defendants' illegal actions;

B. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate given Defendants' willful, deliberate, malicious, and outrageous conduct, and to deter Defendants and other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

D. Plaintiff is to be awarded the costs and expenses of this action, prejudgment interest, and reasonable attorney's fees as provided by applicable federal and state law;

E. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law; Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

    Respectfully submitted,

    **SWARTZ LEGAL, LLC**

    /s/ *Richard S. Swartz*
    Richard S. Swartz
    1878 Marlton Pike East, Suite 10
    Cherry Hill, NJ 08003
    856-685-7420
    Attorneys for Plaintiff

Dated: July 22, 2010